FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 1 1 2026

KEVIN P WEIMER, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| ERIC ANTHONY SALDANA | No. 2:26CR- 44 |

THE GRAND JURY CHARGES THAT:

**Count One**
*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about June 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 1," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Two**

*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about September 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 2," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Three**

*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about July 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 3," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of

interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Four**

*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about July 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 4," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Five**

*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about July 2025 and continuing through in or about September 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 5," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Six**

*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about August 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 6," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said

visual depiction would be transported and transmitted using any means and facility of interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Seven**

*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about July 2024 and continuing through in or about September 2024, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 7," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Eight**

*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about September 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 8," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Nine**

*Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct*

In or about August 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 9," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and

facility of interstate commerce, and that said visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that said visual depiction was actually transported and transmitted using any means and facility of interstate commerce, all in violation of Title 18, United States Code, Section 2251(a) and (e).

**Count Ten**

*Felony Offense Involving Minor by Registered Sex Offender*

Beginning on a date unknown to the grand jury, but no later than in or about July 2024, and continuing until in or about October 2025, in the Northern District of Georgia and elsewhere, the defendant, ERIC ANTHONY SALDANA, an individual with a prior conviction for the offense of production of child pornography, in the Superior Court of Forsyth County, Georgia, and who is required by Federal and other law to register as a sex offender, committed a felony offense involving a minor under Title 18, United States Code, Sections 2251(a) and 2251(e), as charged in Counts One through Nine of this Indictment, all in violation of Title 18, United States Code, Section 2260A.

**Forfeiture**

Upon conviction of one or more of the offenses alleged in Counts One through Nine of this Indictment, the defendant, ERIC ANTHONY SALDANA, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253:

a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, or any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant, ERIC ANTHONY SALDANA:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and Title

28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A True BILL

FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

JENNIFER KEEN
*Assistant United States Attorney*
Georgia Bar No. 231778

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181